UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SORIN 3T HEATER-COOLER SYSTEM
PRODUCTS LIABILITY LITIGATION (NO. II)          MDL No. 2816

TRANSFER ORDER

**Before the Panel**: Defendants Sorin Group USA, Inc., Sorin Group Deutschland GmbH, and LivaNova PLC (together, Sorin) move under 28 U.S.C. § 1407 to centralize this litigation in the District of South Carolina. This litigation consists of 39 actions pending in 21 districts, as listed on Schedule A.[1] Plaintiffs in thirteen actions support the motion. Plaintiffs in sixteen actions and one potential tag-along action oppose centralization. Plaintiffs in many of these actions alternatively request exclusion of their actions from centralized proceedings and/or the selection of the Middle District of Pennsylvania or the Southern District of Iowa as the transferee district. Plaintiffs in two of these actions alternatively request the Panel exclude the actions involving allegations of *M. chimaera* infection from centralized proceedings or, alternatively, create a separate MDL of only cases alleging *M. chimaera* infection in the District of Minnesota, the Middle District of Pennsylvania, or the Southern District of Iowa.

In the complaints in these actions, plaintiffs allege that the Sorin 3T system contains defects that promote bacterial colonization, and that the water in the tanks of the Sorin 3T system is aerosolized through the exhaust system, which then may release bacteria into the ambient air of the operating room through the Sorin 3T system's exhaust fan. Plaintiffs allege that defendants failed to adequately warn of the risks of the Sorin 3T system and/or provided misleading and erroneous instructions regarding how to disinfect or sterilize the Sorin 3T system. As a result, plaintiffs allege they have been exposed to non-tuberculous mycobacterium (NTM), which includes *M. chimaera*, *M. abscessus*, and *M. fortuitum*, among other bacteria. In all actions, plaintiffs allege that, as a result of undergoing open chest surgeries using a Sorin 3T heater-cooler system, they or their decedents contracted an infection.

This litigation is before us for the second time. At our March 2017 hearing session, we denied a motion for centralization brought by plaintiffs in one action. *In re: Sorin 3T Heater-Cooler Sys. Prods. Liab. Litig.*, MDL No. 2772, ___ F. Supp. 3d ___, 2017 WL 1282908 (J.P.M.L. Apr. 5,

---

[1] Two additional actions were included in the motion for centralization, but they have been dismissed. The Panel also has been notified of one potentially-related action pending in the District of Colorado. This and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

2017). The motion involved fifteen constituent actions and one potential tag-along action pending in a total of six districts. *Id.* at *1. All responding parties opposed centralization. *Id.*

In *Sorin 3T Heater-Cooler I* we concluded that centralization was not warranted because **(1)** ten of the sixteen actions were coordinated before a single judge; **(2)** the parties' efforts to informally coordinate pretrial proceedings appeared to be successful; and **(3)** the Section 1407 motion was uniformly opposed. *Id.* In support of the new motion, defendants argue that the number of involved actions, districts, and plaintiffs' counsel have increased significantly since *Sorin 3T Heater-Cooler I*; there now are a significant number of related state court actions; and informal coordination of these actions no longer is practicable. We agree with this assessment and, on the basis of the papers filed and the hearing session held, we find that centralization under Section 1407 in the Middle District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

Opposing plaintiffs argue that there are too many unique facts among these actions to make centralization beneficial. In particular, these plaintiffs argue that the two main types of bacterial exposure at issue arise from different methods of contamination—that the *M. chimaera* bacteria originated in the manufacturing process in Germany, while the *M. abscessus* bacteria originated from either the water inserted in the particular Sorin 3T device or some alternative cause, as *M. abscessus* is more commonly found in the southeastern U.S.[2] But while some plaintiffs allege they were infected with *M. chimaera*, and some with *M. abscessus*, some bring allegations concerning both, or do not specify a type. Moreover, defendants argue that the discovery propounded to date largely has not focused on the specific type of bacteria, but more broadly seeks information regarding NTM infections. Almost all complaints allege that defendants knew or should have known that design and/or manufacturing defects made the Sorin 3T device susceptible to bacterial colonization with NTM, regardless of the cleaning and disinfection procedures used, and that defendants failed to warn of the risks of infection. Discovery and pretrial proceedings will overlap regarding the design, manufacture, operation, and regulation of the Sorin 3T device; the sufficiency of the defendants' warnings; and the plaintiffs' theory of general causation regarding the manner of transmission. The actions undoubtedly will involve some plaintiff- and hospital-specific factual issues, but this is not unusual in products liability MDLs, particularly with medical device cases. *See, e.g., In re: Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010).

There are now 40 actions pending in 21 districts involving dozens of law firms, as well as 33 state court cases pending in eight states. We are persuaded by defendants' demonstration that informal coordination at this juncture no longer is feasible. While document discovery sharing agreements are in place in several actions, defendants represent that plaintiffs have not coordinated deposition discovery, and certain plaintiffs still have sought additional document discovery.

---

[2] Several opposing plaintiffs also argued that the two medical monitoring putative class actions originally included in the motion for centralization did not belong in centralized proceedings with the personal injury/wrongful death actions. But those actions have since been dismissed and, therefore, this argument is moot.

-3-

Moreover, even if informal coordination of document and deposition discovery were working well, coordinating the schedules and motions practice of 21 different courts would be difficult. Opposing plaintiffs argue that they have completed general discovery, and that many of their cases are ready for trial. Defendants cite some common discovery left to complete, and we find the transferee judge is in the best position to determine whether certain actions are too far advanced to benefit from centralized proceedings. When any transferred action becomes ready for trial, the transferee judge can suggest that it be remanded with a minimum of delay. See Panel Rules 10.1-10.3.

We select the Middle District of Pennsylvania as the transferee district for this litigation. Two actions are pending there, including the *Whipkey* action, which has the first pending trial date of any action. Judge John E. Jones, III, is an experienced jurist who has not had the opportunity to preside over an MDL. Judge Jones also presides over *Baker*, a Sorin 3T device case seeking medical monitoring[3] and, therefore, is familiar with many of the factual and legal issues in this litigation.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Middle District of Pennsylvania, and, with the consent of that court, assigned to the Honorable John E. Jones, III for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Ellen Segal Huvelle
R. David Proctor           Catherine D. Perry

---

[3] No party has requested inclusion of *Baker* in centralized proceedings due, in part, to its more advanced procedural posture.

**IN RE: SORIN 3T HEATER-COOLER SYSTEM
PRODUCTS LIABILITY LITIGATION (NO. II)**      MDL No. 2816

**SCHEDULE A**

    <u>Northern District of Alabama</u>

GOREE v. SORIN GROUP USA, INC., ET AL., C.A. No. 2:17-01427

    <u>Central District of California</u>

GREEN, ET AL. v. CEDARS SINAI MEDICAL CENTER, ET AL., C.A. No. 2:17-07341
GARVER, ET AL. v. SORIN GROUP DEUTSCHLAND, GMBH, ET AL.,
    C.A. No. 2:17-07802

    <u>District of Colorado</u>

SYKES, ET AL. v. LIVANOVA DEUTSCHLAND GMBH, ET AL.,
    C.A. No. 1:17-02437

    <u>Middle District of Florida</u>

DEZENSKI, ET AL. v. LIVANOVA PLC, ET AL., C.A. No. 2:17-00323
POOLE v. LIVANOVA DEUTSCHLAND GMBH, ET AL., C.A. No. 8:17-02568

    <u>Southern District of Florida</u>

RAMIREZ v. LIVANOVA DEUTSCHLAND GMBH, ET AL., C.A. No. 0:17-61455

    <u>Northern District of Georgia</u>

SHEELY, ET AL. v. LIVANOVA PLC, ET AL., C.A. No. 2:17-00124

    <u>Northern District of Illinois</u>

KMAK, ET AL. v. SORIN GROUP DEUTSCHLAND GMBH, ET AL.,
    C.A. No. 1:17-04759

    <u>Southern District of Indiana</u>

ABPLANALP v. SORIN GROUP USA, INC., ET AL., C.A. No. 1:17-01916

- A2 -

Northern District of Iowa

SMITH v. SORIN GROUP DEUTSCHLAND GMBH, ET AL., C.A. No. 3:17-03058

Southern District of Iowa

CRAWFORD v. LIVANOVA DEUTSCHLAND GMBH, ET AL., C.A. No. 3:16-00103
REED, ET AL. v. LIVANOVA DEUTSCHLAND GMBH, ET AL., C.A. No. 3:17-00063
PRESCOTT v. SORIN GROUP DEUTSCHLAND GMBH, ET AL., C.A. No. 4:16-00472
ADAMS v. LIVANOVA DEUTSCHLAND GMBH, C.A. No. 4:17-00237
JENKINS, ET AL. v. LIVANOVA DEUTSCHLAND GMBH, ET AL., C.A. No. 4:17-00324
THOMAS, ET AL. v. LIVANOVA DEUTSCHLAND GMBH, ET AL.,
    C.A. No. 4:17-00360

Western District of Kentucky

STEWART, ET AL. v. LIVANOVA DEUTSCHLAND GMBH, ET AL.,
    C.A. No. 3:17-00644

Eastern District of Michigan

KUHNMUENCH, ET AL. v. LIVANOVA PLC, ET AL., C.A. No. 2:17-11719

District of Minnesota

BRACKENBURY v. SORIN GROUP DEUTSCHLAND GMBH, ET AL.,
    C.A. No. 0:17-04186

Eastern District of New York

DIAZ v. LIVANOVA DEUTSCHLAND GMBH, ET AL., C.A. No. 1:17-06026

Northern District of New York

SUSCO v. LIVANOVA P.L.C., ET AL., C.A. No. 5:17-01164

Eastern District of North Carolina

COLSON, ET AL. v. SORIN GROUP DEUTSCHLAND GMBH, ET AL.,
    C.A. No. 5:17-00519

- A3 -

Western District of North Carolina

BLEVINS v. LIVANOVA PLC, ET AL., C.A. No. 3:16-00785

Middle District of Pennsylvania

WHIPKEY, ET AL. v. LIVANOVA DEUTSCHLAND GMBH, ET AL.,
 C.A. No. 1:17-01233
HERSHEY, ET AL. v. LIVANOVA PLC, ET AL., C.A. No. 1:17-01768

District of South Carolina

WEINACKER v. LIVANOVA PLC, ET AL., C.A. No. 6:16-02286
FOWLER, ET AL. v. LIVANOVA PLC, ET AL., C.A. No. 6:16-02307
BAGWELL, ET AL. v. LIVANOVA PLC, ET AL., C.A. No. 6:16-02308
MATTISON v. SORIN GROUP DEUTSCHLAND GMBH, ET AL., C.A. No. 6:16-03128
THOMASON, ET AL. v. SORIN GROUP DEUTSCHLAND GMBH, ET AL.,
 C.A. No. 6:16-03129
JOHNSON v. SORIN GROUP DEUTSCHLAND GMBH, ET AL., C.A. No. 6:16-03130
SMITH v. SORIN GROUP DEUTSCHLAND GMBH, ET AL., C.A. No. 6:16-03131
GILSTRAP, ET AL. v. SORIN GROUP DEUTSCHLAND GMBH, ET AL.,
 C.A. No. 6:16-03132
WADDELL v. LIVANOVA PLC, ET AL., C.A. No. 6:17-01060
WEST, ET AL. v. LIVANOVA PLC, ET AL., C.A. No. 8:16-02688

District of South Dakota

EISENBERG, ET AL. v. SORIN GROUP DEUTSCHLAND GMBH, ET AL.,
 C.A. No. 4:16-04175
FAETH v. SORIN GROUP DEUTSCHLAND GMBH, ET AL., C.A. No. 4:17-04049

Eastern District of Tennessee

CANTRELL, ET AL. v. SORIN GROUP DEUTSCHLAND GMBH ET AL.,
 C.A. No. 2:17-00186