## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: SORIN 3T HEATER-<br>COOLER SYSTEM PRODUCTS<br>LIABILITY LITIGATION (NO. II) | :<br>:<br>: | MDL NO. 2816<br>CIVIL ACTION NO. 1:18-MD-2816 |
| ———————————————— | :<br>: | (Judge Conner) |
| THIS DOCUMENT RELATES TO:<br><u>Sterling et al. v. LivaNova<br>Holding USA, Inc. (f/k/a Sorin Group<br>USA, Inc.), et al.</u>, No. 1:21-CV-606 | :<br>:<br>:<br>: | |

### MEMORANDUM

Plaintiffs Thomas Sterling and Susan Lazar move the court to remand the above-captioned action to the District Court of Harris County, Texas. For the reasons that follow, the court will deny plaintiffs' motion.

### I.   Factual Background and Procedural History

Plaintiffs assert claims for damages against defendants LivaNova Holding USA, Inc. ("LivaNova"), and LivaNova Deutschland, GmbH ("LivaNova Deutschland"), arising from injuries suffered by plaintiff Thomas Sterling after his open-heart surgery on April 28, 2016. (See Doc. 9 ¶¶ 2.04, 4.19-.29.) Plaintiffs allege that defendants' Sorin Stockert Heater-Cooler System 3T device was used during Sterling's surgery and that design and manufacturing defects in the device led Sterling to develop a *Mycobacterium chimaera* infection that necessitated an additional surgery in January 2019. (See id. ¶¶ 4.02-.29.)

The procedural background of this case dates to November 2019, when plaintiffs' counsel notified defendants of a potential lawsuit. On November 13, 2019,

following defendants' receipt of plaintiffs' notice, the parties entered into a tolling

agreement.  (See Doc. 37-1 ¶ 7; Doc. 37-2).  Therein, the parties agreed as follows:

> It is agreed that [plaintiffs] will refrain from filing suit in
> a court of suitable jurisdiction in exchange for LivaNova's
> agreement to toll or suspend the running of any and all
> statutes of limitations that may apply to any action that
> [plaintiffs] could commence against LivaNova as of the
> effective date of this agreement . . . .

(Doc. 37-2 at 1 ¶ 1).  The tolling agreement states an effective date of November 13,

2019.  (See id. at 2).  The agreement further states it is to "run indefinitely, until

either [plaintiffs] or LivaNova end the agreement by notifying the other parties to

this agreement on five (5) business days' notice of their desire to end the Tolling

Agreement."  (Id. at 1 ¶ 4).  The tolling period ends 30 days after notice of intent to

terminate is provided.  (See id. at 1-2 ¶ 4).

Plaintiffs' counsel provided defense counsel with written notice of intent to

terminate the tolling agreement on October 30, 2020.  (See Doc. 37-1 ¶ 8; see also

Doc. 37-3).  On November 24, 2020, plaintiffs filed suit against both defendants in

the District Court of Harris County, Texas.  (See Doc. 37-4).  Defendants filed a

timely notice of removal the next day in the United States District Court for the

Southern District of Texas, before having been served with plaintiffs' complaint.[1]

(See Doc. 37-5); see also Sterling v. LivaNova Deutschland, GmbH ("Sterling I"),

No. 4:20-CV-4046, Doc. 1 (S.D. Tex. Nov. 25, 2020).  Two days later, on November 27,

plaintiffs filed a notice in Sterling I, voluntarily dismissing their complaint without

---

[1] A forum defendant's swift removal of a case prior to service is known as
"snap removal" and is explained at length *infra*.

prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).  (See Doc. 37-6);
see also Sterling I, No. 4:20-CV-4046, Doc. 3 (S.D. Tex. Nov. 27, 2020).  In a sworn
affidavit submitted to this court, defense counsel explains that because defendants
suspected plaintiffs may try to refile and quickly serve their complaint to prevent a
second removal, defendants "began a process of manually searching the Harris
County electronic docket, at multiple intervals throughout the day," to promptly
identify any new filings.  (See Doc. 37-1 ¶ 13).

At 9:19 a.m. on November 27, the same day plaintiffs voluntarily dismissed
Sterling I, plaintiffs' counsel wrote to defense counsel and asked if the latter would
"agree to extend the tolling agreement in Sterling to December 31?"  (See Doc. 37-7
at 1).  Defense counsel replied at 8:53 p.m. and agreed to the requested extension.
(See id.)  Defense counsel also asked whether "we need to re-paper this or does the
existing tolling agreement still work?"  (See id.)  Plaintiffs' counsel replied at 5:32
a.m. the next day that the email exchange was sufficient to formalize the extension.
(See id.)  Defense counsel attests that, in reliance on plaintiffs' reinstatement of the
tolling agreement, which expressly barred plaintiffs from refiling suit, defendants
discontinued their docket-monitoring efforts.  (See Doc. 37-1 ¶ 14).

Unbeknownst to defendants, at the same time plaintiffs were seeking to
extend the tolling agreement, they were also attempting to refile their lawsuit in
state court.  Specifically, at 11:44 a.m. on November 27, plaintiffs attempted to file a
new complaint with the Harris County court, this time identifying LivaNova alone

as the defendant.[2]  (See Doc. 1-1 at 1 (receipt timestamp of "11/27/2020 11:44 AM")).

Our review of the Harris County docket reflects the complaint was not processed

and docketed until November 30, presumably because November 27 was a court

holiday.  See Docket Sheet, Sterling v. LivaNova Holding USA, Inc., No. 2020-76252

(Tex. Dist. Ct. Nov. 30, 2020).  Because defense counsel had suspended their manual

docket-monitoring efforts, they were not alerted to the new complaint until the

morning of December 1, through a subscription docket alert.  (See Doc. 37-1 ¶ 15).

Counsel immediately filed another notice of removal, which was docketed at 10:05

a.m. in the Southern District of Texas and assigned to Judge Keith P. Ellison.  (See

Doc. 1).  Only after filing the notice of removal did counsel learn that plaintiffs had

served defendants' registered agent 15 minutes earlier, at 9:50 a.m.  (See Doc. 36-1

at 2; see also Doc. 37 at 8).

Plaintiffs filed a motion to remand the case to the Harris County court on

December 7.  Three days later, on December 10, plaintiffs sought leave to amend

their complaint to add LivaNova Deutschland as a defendant, and the court granted

plaintiffs' motion.  On December 28, defendants responded to plaintiffs' remand

motion, asserting that plaintiffs' conduct in reinstating—and promptly violating—

the parties' tolling agreement should preclude remand.  The case was stayed until

its transfer into the Sorin 3T Heater-Cooler MDL, then assigned to former Judge

---

[2] Defendants assert in their brief that plaintiffs filed the notice of dismissal in
Sterling I at 11:43 a.m., just one minute before plaintiffs attempted to file the instant
lawsuit.  (See Doc. 37 at 5).  Neither the copy of the notice attached to defendants'
briefing, nor the copy obtainable on the public docket, includes a timestamp.  (See
Doc. 37-6); Sterling I, No. 4:20-CV-4046, Doc. 3 (S.D. Tex. Nov. 27, 2020).  We thus
cannot ascertain the accuracy of defendants' assertion.

John E. Jones III of this court, on April 1, 2021.  On July 23, 2021, following Judge

Jones' retirement, the Judicial Panel on Multidistrict Litigation reassigned the

MDL to the undersigned.  We thereafter ordered the parties to rebrief the pending

motion to remand applying the law of the Third Circuit Court of Appeals.

## II.  **Legal Standard**

Under 28 U.S.C. § 1441, a defendant may remove an action brought in state

court to federal district court when the claims fall within the federal court's original

jurisdiction.  See 28 U.S.C. § 1441(a).  A plaintiff may move to remand the case due

to a procedural defect in the removal within 30 days after the notice of removal

is filed.  See 28 U.S.C. § 1447(c).  Statutes permitting removal "are to be strictly

construed against removal and all doubts should be resolved in favor of remand."

Manning v. Merrill Lynch Pierce Fenner & Smith, Inc., 772 F.3d 158, 162 (3d Cir.

2014) (quoting Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009)).  The removing party

bears the burden of proving that the matter is properly before the federal court.

See Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted);

Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)

(same).

## III.  **Discussion**

The federal removal statute permits a defendant to remove a civil action

brought in state court to the federal district court in which the state court sits if

the claims raised are within the federal court's subject matter jurisdiction.  See 28

U.S.C. § 1441(a).  Plaintiffs apparently do not dispute that this case falls within the

court's diversity jurisdiction, and a review of the amended complaint reveals they

could not: the parties are completely diverse (plaintiffs being citizens of Michigan and defendants being citizens of Delaware, Texas, and Germany), and plaintiffs' complaint seeks damages in excess of the jurisdictional threshold (specifically, "in excess of $1,000,000.00").  (See Doc. 9 ¶¶ 2.01-2.03, 7.03); see also 28 U.S.C. § 1332(a).  Plaintiffs instead ground their motion to remand in what is commonly referred to as the "forum-defendant rule."  (See Doc. 36 at 3-4).

When removal is premised solely on a federal court's diversity jurisdiction, the forum-defendant rule applies.  Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 152 (3d Cir. 2018).  The forum-defendant rule is set forth in Section 1441(b)(2) and provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought."  See 28 U.S.C. § 1441(b)(2).  The rule is intended, in part, to prevent "favoritism for in-state litigants," see Encompass Ins. Co., 902 F.3d at 153 (citing Dresser Indus., Inc. v. Underwriters at Lloyd's of London, 106 F.3d 494, 499 (3d Cir. 1997)), as well as "discrimination against out-of-state litigants," see id. (citing McSparran v. Weist, 402 F.2d 867, 876 (3d Cir. 1968)).  Because the forum-defendant rule is procedural and not jurisdictional, its application can be waived. See id. at 152 (citing Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995); Roxbury Condo. Ass'n v. Anthony S. Cupo Agency, 316 F.3d 224, 227 (3d Cir. 2003)).

A forum defendant who files a notice of removal before being properly served is not subject to the forum-defendant rule.  See id. at 153-54; see also Tex.

Brine Co. v. Am. Arb. Ass'n, 955 F.3d 482, 485-87 (5th Cir. 2020) (upholding same procedure in circuit where this lawsuit was initiated).  In addressing this practice, known as "snap removal," our court of appeals concluded that Section 1441(b)(2) prohibits removal by an in-forum defendant "only when the defendant has been properly joined and served."  See Encompass Ins. Co., 902 F.3d at 152.  The court of appeals recognized the practical implications of its holding, noting technological advances may permit litigants to "monitor dockets electronically," learn of lawsuits against them before service, and prevail in some sort of "race-to-the-courthouse removal scenario."  See id. at 153 n.4.  The court nonetheless held that, unless Congress amends the forum-defendant rule, the plain text of Section 1441(b)(2) permits snap removals.  See id. at 153-54 & n.4.

Plaintiffs portray this case as calling for straightforward application of the forum-defendant rule.  Plaintiffs contend that LivaNova is a citizen of the initial forum (Texas), and that, because LivaNova was served 15 minutes before filing its notice of removal, plaintiffs successfully thwarted a second snap removal.  (See Doc. 36 at 2-4).  Plaintiffs further contend that, because LivaNova did not voluntarily withdraw its notice of removal after learning it had been served, the court should not only remand the case, but also award plaintiffs costs and fees.  (See id. at 4-5 (citing 28 U.S.C. § 1447(c))).

Defendants, for their part, do not dispute that LivaNova is a citizen of Texas or that plaintiffs technically served LivaNova before the latter filed its notice of removal.  (See Doc. 37 at 5-9).  Defendants instead emphasize a glaring omission in plaintiffs' papers: that on November 27, 2020, the same day plaintiffs voluntarily

dismissed their first suit (Sterling I) against defendants, and three days before this suit was filed in Texas state court, the parties had reinstated a tolling agreement in which plaintiffs agreed to "refrain from filing suit" against either defendant through December 31, 2020.  (See id. at 12-16; see also Doc. 37-2 at 1 ¶ 1; Doc. 37-7 at 1)).  LivaNova explains that it relied on this tolling agreement when it discontinued its manual docket monitoring for new complaints, and that it was only by virtue of plaintiffs' bad-faith conduct in violating the tolling agreement that they were able to serve LivaNova before it could snap-remove the second lawsuit.  (See Doc. 37 at 6-9, 12-16).  LivaNova urges the court to find that plaintiffs have either waived or are estopped from invoking the forum-defendant rule through such conduct.  (See id. at 10-16).

Courts have addressed waiver of the forum-defendant rule most often in the timeliness context, when a plaintiff fails to invoke the issue within 30 days after the notice of removal is filed.  See, e.g., Korea Exch. Bank, 66 F.3d at 50-51; see also Jallad v. Madera, 784 F. App'x 89, 94 (3d Cir. 2019) (nonprecedential) (rule waived on appeal if not raised below).  But courts within our circuit and elsewhere have long recognized that other grounds may exist for declining to strictly enforce the nonjurisdictional rule.  See, e.g., Patel v. Smith, No. 11-6650, 2012 WL 3020353, at *4 (E.D. Pa. July 23, 2012) (citing Essington Metal Works, Inc. v. Ret. Plans of Am., Inc., 609 F. Supp. 1546, 1551 n.3 (E.D. Pa. 1985)) (listing factors to consider); Deutsche Bank Nat'l Tr. Co. v. Murphy, No. 17-CV-470, 2017 WL 6493147, at *2 (N.D. Okla. Dec. 19, 2017) (citing Patel, 2012 WL 3020353, at *4) (same); see also Bearden v. PNS Stores, Inc., 894 F. Supp. 1418, 1424 (D. Nev. 1995) (citing Meadows v. Bicrodyne

Corp., 785 F.2d 670, 672 (9th Cir. 1986)) (right to remand waived when, *inter alia*, movant filed numerous pleadings and discovery requests after removal); Staples v. Joseph Morton Co., 444 F. Supp. 1312, 1313-14 (E.D.N.Y. 1978) (motion to remand due to untimely removal denied when delay was induced by plaintiff's agreement to dismiss case). Relevant factors include the amount of time elapsed before a remand motion is filed, whether the movant has made use of federal processes or sought relief from the federal court before moving to remand, and whether the movant has engaged in conduct or reaped some benefit "which would make it inequitable to remand the case." See Patel, 2012 WL 3020353, at *4 (quoting Essington Metal Works, 609 F. Supp. at 1551 n.3 (collecting cases)).

We agree with LivaNova that plaintiffs cannot invoke the forum-defendant rule under the circumstances. Of particular concern to the court is that plaintiffs have yet to offer any response to the allegations of bad faith levied in defendants' brief and substantiated by their exhibits. The uncontroverted evidence put forth by defendants establishes the following: that plaintiffs voluntarily dismissed Sterling I on November 27, 2020, after defendants successfully snap-removed that lawsuit to the Southern District of Texas; that, on the same day, plaintiffs requested and defendants agreed to extend the parties' tolling agreement, prohibiting plaintiffs from filing another lawsuit against either defendant through December 30; and that, notwithstanding this contractual bar, plaintiffs refiled suit against LivaNova in state court on November 30 and served LivaNova the next day, hoping to avoid a second snap removal.

Plaintiffs have had nearly a year to respond to defendants' claim that plaintiffs breached the tolling agreement and commenced this lawsuit in state court to avoid snap removal.  Defendants first raised the issue in a responsive brief filed December 28, 2020.  (See Doc. 13 and attached exhibits).  Both the local rules for the Southern District of Texas and Judge Ellison's court procedures allowed plaintiffs to file a reply brief within seven days, see S.D. TEX. L.R. 7.4; COURT PROCEDURES FOR JUDGE KEITH P. ELLISON ¶ 7, but plaintiffs never did.  Plaintiffs were well aware of defendants' theory by the time this court ordered supplemental briefing in August 2021, yet their opening supplemental brief is silent as to the extant allegations of bad faith.  Nor did plaintiffs seek leave to file a reply brief in this court after defendants reiterated their allegations in a responsive supplemental brief. Surely, if defendants omitted some redemptive aspect of the narrative or plaintiffs believed their conduct to have been aboveboard, we would have heard a full-throated defense by now.  As it stands, defendants' lead argument in favor of this court exercising jurisdiction is entirely unopposed.  The only conclusion to be reached on this record is that plaintiffs engaged in Janus-faced gamesmanship, contractually representing to defendants that no lawsuit would be filed for at least another month, while preparing and filing that lawsuit just three days later.  The court will not countenance such underhanded conduct by remanding the case to state court.  See Patel, 2012 WL 3020353, at *4 (quoting Essington Metal Works, 609 F. Supp. at 1551 n.3).

The procedural posture of the instant case also strongly favors exercise of this court's jurisdiction.  As a threshold matter, courts have held that plaintiffs who

voluntarily invoke the jurisdiction of the federal court by, for example, amending their complaint post-removal, "ordinarily waive[] the right to seek remand." <u>See</u> 16 JAMES WM. MOORE, MOORE'S FED. PRACTICE § 107.151[2][g] & n.143.3 (3d ed. 2021) (collecting cases); <u>see, e.g.</u>, <u>Bearden</u>, 894 F. Supp. at 1424 (citing <u>Meadows</u>, 785 F.2d at 672). Three days after filing their motion to remand, plaintiffs moved to amend their complaint to add LivaNova Deutschland as a defendant, and Judge Ellison granted that motion. Since then, the case has been transferred to this court for inclusion in MDL Docket 2816. To unwind all that has occurred at this juncture would run afoul of principles of judicial economy. That concern alone may not constitute a basis to deny a motion to remand in the ordinary case, but in light of plaintiffs' pre- and post-removal conduct, the concern bears weight.

Under the unique circumstances of this case, and absent any meaningful response from plaintiffs, we agree with defendants that to remand this action would offend fundamental principles of fairness, equity, and judicial economy. This case is firmly within our diversity jurisdiction, <u>see</u> 28 U.S.C. § 1332(a); (Doc. 9 ¶¶ 2.01-.03, 7.03), and the procedural defect in removal exists only because of plaintiffs' success in circumventing what our court of appeals has found to be a permissible litigation strategy, <u>see</u> <u>Encompass Ins. Co.</u>, 902 F.3d at 153-54; <u>see also</u> <u>Tex. Brine Co.</u>, 955 F.3d at 485-87.

11

IV.    **<u>Conclusion</u>**

The court will deny plaintiffs' motion to remand.  An appropriate order

shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:        November 22, 2021