IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: SORIN 3T HEATER-COOLER SYSTEM PRODUCTS LIABILITY LITIGATION (NO. II)** : <br><br> **THIS DOCUMENT RELATES TO:** <br> <u>Cherkala v. LivaNova Deutschland GmbH</u>, et al., No. 1:21-CV-1627 | MDL NO. 2816 <br> CIVIL ACTION NO. 1:18-MD-2816 <br><br> (Judge Conner) |

## MEMORANDUM

Plaintiffs Brian and Yvonne Cherkala move the court to join the above-captioned civil action ("<u>Cherkala II</u>") with their first-filed civil action, <u>Cherkala v. LivaNova Deutschland GmbH</u>, No. 1:20-CV-1803 (M.D. Pa.) ("<u>Cherkala I</u>"), and to remand both actions to the Court of Common Pleas of Cuyahoga County, Ohio, for lack of subject-matter jurisdiction. Defendants LivaNova[1] and Cleveland Clinic Foundation ("Cleveland Clinic") oppose the motion, contending joinder is improper and plaintiffs fraudulently joined Cleveland Clinic (the only nondiverse defendant) in <u>Cherkala II</u> to defeat diversity jurisdiction. For the reasons that follow, we will grant in part plaintiffs' motion, remanding <u>Cherkala II</u> only to the Cuyahoga County Court of Common Pleas.

---

[1] Plaintiff has sued three LivaNova entities: LivaNova Deutschland GmbH (f/k/a Sorin Deutschland GmbH), LivaNova Holding USA, Inc. (f/k/a Sorin Group USA, Inc.), and LivaNova USA, Inc. (f/k/a Cyberonics, Inc.). (<u>See</u> Doc. 1-2 ¶¶ 4-6). We refer to this group collectively as "LivaNova" herein.

I.  **Factual Background and Procedural History**

Plaintiff Brian Cherkala ("Cherkala") underwent open-heart surgery at the Cleveland Clinic Main Campus on August 28, 2017.  (See Doc. 1-2 ¶ 47).  Plaintiffs allege that a Stockert 3T Heater-Cooler system manufactured and sold by LivaNova was used during Cherkala's surgery, and that design and manufacturing defects in the system, as well as negligent maintenance of the system by hospital staff, caused Cherkala to develop a *Mycobacterium chimaera* infection.  (See id. ¶¶ 4-7, 16, 58-86).

Plaintiffs commenced their first lawsuit, Cherkala I, in the Court of Common Pleas of Cuyahoga County, Ohio, in August 2020.  See Cherkala I, No. 1:20-CV-1803, Doc. 1-2.  Therein, plaintiffs asserted statutory product-liability claims as well as common-law negligence and loss-of-consortium claims against LivaNova only.  See id. ¶¶ 56-76.  LivaNova removed Cherkala I to the United States District Court for the Northern District of Ohio, see id., Doc. 1, and the case was transferred into the Sorin 3T Heater-Cooler MDL assigned to this court on October 2, 2020, see id., Doc. 11.[2]  The parties have since engaged in mandatory discovery in the MDL, including the exchange of plaintiff and defense fact sheets, respectively, on January 19, 2021, and May 3, 2021.  (See Doc. 20 at 3).

On August 26, 2021, plaintiffs initiated this lawsuit, Cherkala II, again in the Court of Common Pleas of Cuyahoga County.  (See Doc. 1-2).  Plaintiffs' complaint reasserts their original claims against LivaNova, but also adds a negligence claim

---

[2] The Sorin 3T Heater-Cooler MDL was initially assigned to former Judge John E. Jones III.  On July 23, 2021, following Judge Jones' retirement, the Judicial Panel on Multidistrict Litigation reassigned the MDL to the undersigned.

2

against Cleveland Clinic for failure "to properly maintain, clean[,] and disinfect the Stockert 3T Heater-Cooler Systems" and "to train and supervise the nonmedical technicians and/or engineers responsible for performing all maintenance, repair, disinfection, and cleaning of" its Stockert 3T Heater-Cooler units. (See id. ¶¶ 82-83). According to plaintiffs, they were unaware of Cleveland Clinic's potential role in causing Cherkala's injury until they received the defense fact sheet in Cherkala I in May 2021. (See Doc. 12 at 2). Together with their Cherkala II complaint, plaintiffs filed a motion pursuant to Ohio Rule of Civil Procedure 10(D)(2)(b), positing their claim against Cleveland Clinic was not a "medical claim" subject to Ohio's affidavit-of-merit requirement, but seeking an extension of time to obtain an affidavit if the court disagreed with plaintiffs' view of the claim. (See Doc. 1-3 at 3-15).

    LivaNova removed Cherkala II to the Northern District of Ohio the same day. (See Doc. 1). The notice of removal acknowledges that Cleveland Clinic is a nondiverse defendant but asks the court to ignore its citizenship for jurisdictional purposes because plaintiffs fraudulently joined Cleveland Clinic in Cherkala II to destroy diversity. (See id. ¶¶ 17-37). The case was thereafter transferred into the Sorin 3T Heater-Cooler MDL. (See Doc. 10).

    Plaintiffs promptly filed the instant motion seeking "joinder" of Cherkala I and Cherkala II under Federal Rule of Civil Procedure 20 and remand of the entire combined lawsuit to Ohio state court for lack of jurisdiction. (See Doc. 12 at 1). For its part, LivaNova moves to dismiss plaintiffs' Cherkala II claims against LivaNova pursuant to the first-filed rule and the rule against claim-splitting, or, alternatively, to stay Cherkala II pending resolution of Cherkala I or to sever the Cherkala II

3

claims against LivaNova from those against Cleveland Clinic and merge the claims against LivaNova into Cherkala I. (See Doc. 21 ¶¶ 7-10). Both motions are fully briefed and ripe for disposition.

## II. Legal Standards

### A. Motion to Remand

Under 28 U.S.C. § 1441, a defendant may remove an action brought in state court to federal district court when the claims fall within the federal court's original jurisdiction. See 28 U.S.C. § 1441(a). A plaintiff may move to remand the case due to a procedural defect in the removal within 30 days after the notice of removal is filed. See 28 U.S.C. § 1447(c). Statutes permitting removal "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Manning v. Merrill Lynch Pierce Fenner & Smith, Inc., 772 F.3d 158, 162 (3d Cir. 2014) (quoting Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009)). The removing party bears the burden of proving that the matter is properly before the federal court. See Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted); Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (same).

### B. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. See FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under

any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[]

5

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### C. Motion to Join

Federal Rule of Civil Procedure 20 governs permissive joinder of parties in one lawsuit, see FED. R. CIV. P. 20, and Rule 20(a)(2) speaks specifically to joinder of defendants, see FED. R. CIV. P. 20(a)(2). The rule allows a plaintiff to join multiple persons as defendants in one action when "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." See id. Rule 20 is a flexible rule that contemplates both fairness and judicial economy. See 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER ET AL., FED. PRACTICE & PROC. § 1652 (3d ed. 2022); Hagan v. Rogers, 570 F.3d 146, 153 (3d Cir. 2009) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966)). Although joinder is "strongly encouraged" when the requirements of Rule 20 are satisfied, see Hagan, 570 F.3d at 153 (quoting United Mine Workers of Am., 383 U.S. at 724), the court may deny joinder, in its discretion, to avoid prejudice, expense, or delay, see 7 WRIGHT & MILLER, *supra*, § 1652.

### III. Discussion

Plaintiffs ask us to join Cherkala I and Cherkala II pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure and thereafter remand the joined actions for lack of subject-matter jurisdiction. Plaintiffs' joinder argument encounters two hurdles, both of which are fatal. First, Rule 20(a)(2) is a pleading rule that permits

6

joinder "in one action" of multiple defendants; it does not authorize joinder in one action of two existing lawsuits. See FED. R. CIV. P. 20(a)(2). Rule 20(a)(2) may well apply to allow plaintiffs to join LivaNova and Cleveland Clinic as defendants in one pleading in Cherkala II, but plaintiffs cite no authority to support their view that the rule also permits what would effectively be a merger of Cherkala I and Cherkala II into a single lawsuit.³ Second, and more importantly, subject-matter jurisdiction is a threshold inquiry, so our analysis necessarily begins not with plaintiffs' motion for joinder, but with their challenge to our diversity jurisdiction. See generally S. Cross Overseas Agencies, Inc. v . Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 414 (3d Cir. 1999) (courts must "decide jurisdiction first and then address other issues only if there is jurisdiction" (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998))).

As the party seeking to invoke the court's diversity jurisdiction, LivaNova bears the burden of proving this matter is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. See 28 U.S.C. § 1332(a); see also Frederico, 507 F.3d at 193 (citations omitted); Steel Valley Auth., 809 F.2d at 1010 (same). There is no dispute *sub judice* that Cleveland Clinic is a citizen of the same state as plaintiffs (Ohio) and thus is nondiverse. (See

---

³ Plaintiffs might have intended to invoke Federal Rule of Civil Procedure 42, which permits consolidation of separate civil actions. See FED. R. CIV. P. 42. We presume, given plaintiffs' reliance on Rule 20 case law, that their invocation of Rule 20 was not inadvertent. In any event, even if plaintiffs intended to proceed by consolidation under Rule 42 rather than joinder under Rule 20, as explained *infra*, we must first ask whether we have subject-matter jurisdiction over Cherkala II before we decide whether to consolidate that case with Cherkala I.

7

Doc. 1 ¶¶ 11, 12, 17; Doc. 1-2 ¶¶ 2, 3, 9). Nonetheless, LivaNova maintains Cleveland Clinic was fraudulently joined and the court should disregard its citizenship in assessing diversity. (See Doc. 1 ¶¶ 17-37; Doc. 20 at 15-19).

Federal courts may disregard the presence of a nondiverse defendant and assume jurisdiction over a case if that defendant was fraudulently joined for the purpose of defeating diversity. See In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006) (citation omitted). Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Id. at 219 (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)). Our court of appeals has explained that a party charging fraudulent joinder carries a "heavy burden of persuasion." See Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth., 913 F.2d at 1010, 1012 n.6). Before concluding joinder was fraudulent, the district court "must rule out *any* possibility that a state court would entertain the cause." See In re Briscoe, 448 F.3d at 219 (emphasis added) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)). But "[i]f there is even a possibility that a state court would find that the complaint states a cause of action" against the nondiverse defendant, we must find joinder to be proper and remand the case. See Boyer, 913 F.2d at 111 (citation omitted).

8

LivaNova contends plaintiffs' lone claim against Cleveland Clinic, whether construed as a general negligence claim or a medical claim,[4] is nonviable and was necessarily included in Cherkala II for the sole purpose of defeating this court's diversity jurisdiction. (See Doc. 20 at 15-19). According to LivaNova, if plaintiffs' claim is a general negligence claim as plaintiffs originally asserted, it is time-barred by Ohio's two-year statute of limitations. (See id. at 17); see also OHIO REV. CODE ANN. § 2305.10(A). And if construed as a medical claim, it fails both for lack of an affidavit of merit and also on timeliness grounds, as medical claims are subject to an even shorter one-year limitations period under Ohio law. (See Doc. 20 at 17-19); see also OHIO REV. CODE ANN. § 2305.113(A); OHIO R. CIV. P. 10(D)(2). LivaNova acknowledges plaintiffs' reliance on the termination-rule articulated by the Supreme Court of Ohio in Frysinger v. Leech, 512 N.E.2d 337 (Ohio 1987), but argues the rule defers claim accrual only in cases involving the negligence of individual providers and not in cases, like this one, against the hospital system alone. (See Doc. 20 at 18-19).

---

[4] Plaintiffs attach to the instant motion a first amended complaint which was apparently filed in the Court of Common Pleas of Cuyahoga County on August 27, 2021, (see Doc. 12-1), the day after LivaNova removed Cherkala II to this court. In the amended complaint, plaintiffs attempt to recast their claim against Cleveland Clinic, abandoning their initial assertion that the claim is a general negligence claim and reasserting it as a medical claim. In determining whether a claim is fraudulent, we "must focus on the plaintiff's complaint at the time the petition for removal was filed." See *In re* Briscoe, 448 F.3d at 217 (quoting Batoff, 977 F.2d at 851-52). Our analysis of the viability of plaintiffs' claim against Cleveland Clinic is therefore restricted to plaintiffs' initial complaint.

9

The problem for LivaNova, as has been the problem in other lawsuits, see, e.g., Warman v. LivaNova, No. 1:22-CV-183, Doc. 23 (M.D. Pa. June 21, 2022); Napier v. LivaNova, No. 1:22-CV-901, Doc. 26 (M.D. Pa. June 21, 2022), is that it conflates the fraudulent-joinder analysis with Rule 12(b)(6)-style merits review. LivaNova's argument against application of Frysinger tolling, for example, relies on its view of when tolling is "*typically* applied" by Ohio's intermediate appellate court—in suits involving the alleged negligence of physicians. (See Doc. 20 at 18-19 (emphasis added) (citing, *inter alia*, Birkmeier v. St. Rita's Med. Ctr., No. 1-17-57, 2018 WL 3026047, at *5 (Ohio Ct. App. June 18, 2018))). As plaintiffs underscore, that same court has also rejected the argument that Frysinger "never applies to hospitals." (See Doc. 28 at 4 (quoting Amadasu v. O'Neal, 891 N.E.2d 802, 806 (Ohio Ct. App. 2008))). Although Birkmeier attempts to cabin Amadasu to cases involving claims against both a physician *and* a hospital, see Birkmeier, 2018 WL 3026047, at *6, we cannot say the law in Ohio is so settled on this point as to "rule out *any* possibility" a state court would entertain plaintiffs' legal argument, see In re Briscoe, 448 F.3d at 219 (emphasis added) (citing Batoff, 977 F.2d at 851).

LivaNova also makes much of plaintiffs' failure to file an affidavit of merit with their complaint as required by Ohio Rule of Civil Procedure 10(D)(2)(a). (See Doc. 20 at 17-18). LivaNova ignores, however, that simultaneously with the filing of their complaint, plaintiffs submitted a motion for extension of time to file their affidavit of merit—a request explicitly contemplated by Ohio Rule 10(D)(2)(b). (See Doc. 1-3 at 3-15); see also OHIO R. CIV. P. 10(D)(2)(a), (b). Plaintiffs' motion remains pending. Thus, assuming *arguendo* the state court were to construe plaintiffs' claim

10

against Cleveland Clinic as a medical claim and grant the motion for extension of time, Rule 10(D)(2) would present no barrier to the claim.

The above analysis should not be read to suggest plaintiffs' claim against Cleveland Clinic is free from infirmity. LivaNova has raised several, nonfrivolous challenges to the merits of plaintiffs' claim, and we acknowledge there are open questions as to how plaintiffs' claim should be construed and whether it is timely based on that construction. But we need not be persuaded at this juncture that plaintiffs are likely to prevail on their claim or even that they have stated a claim sufficient to satisfy Rule 12(b)(6). We must decide only whether there is at least "a possibility" an Ohio state court would find plaintiffs' complaint states a claim against Cleveland Clinic. See Boyer, 913 F.2d at 111 (citation omitted). Resolution of that question involves, in part, wading into unsettled issues of Ohio state law, and as we have recently observed, such matters are "most appropriately resolved by the Ohio state courts." See Warman, No. 1:22-CV-183, Doc. 23 at 9-10; Napier, No. 1:22-CV-901, Doc. 26 at 9-10. We thus hold that LivaNova has not met its heavy burden of demonstrating "there is *no* . . . colorable ground supporting" plaintiffs' negligence

claim against Cleveland Clinic.  See Boyer, 913 F.2d at 111 (quoting Abels, 770 F.2d at 32); In re Briscoe, 448 F.3d at 216 (same).[5]

### IV.  Conclusion

The court will grant plaintiffs' motion to the extent we will remand the above-captioned action to the Court of Common Pleas of Cuyahoga County, Ohio.  An appropriate order shall issue.

                                              /S/ CHRISTOPHER C. CONNER
                                              Christopher C. Conner
                                              United States District Judge
                                              Middle District of Pennsylvania

Dated:     June 27, 2022

---

[5] LivaNova asks the court, in the event we conclude plaintiffs' claim against Cleveland Clinic is not fraudulent, to sever the Cherkala II claims against LivaNova, retain jurisdiction over those claims in the MDL, and remand only the claim against Cleveland Clinic.  (See Doc. 20 at 20).  Our conclusion that plaintiffs' claim against Cleveland Clinic is not fraudulent, however, means the court lacks subject-matter jurisdiction over this lawsuit.  In the absence of subject-matter jurisdiction, any such severance order would be a legal nullity.  Accordingly, while we agree with LivaNova that the claims against it in Cherkala II are duplicative of those against it in Cherkala I and likely subject to dismissal, we are constrained to leave that matter for resolution by the state court on remand.